## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MUNAWAR HUSSAIN,

      Petitioner,

     v.                                                             Case No. 1:26-cv-01168 KWR-SCY

Warden, *Cibola County Correctional Center*,
TODD M. LYONS, *Acting Director of*
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office*
*Director for Detention and Removal,*
*U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*Of Homeland Security*,

      Respondents.

### ORDER DENYING HABEAS PETITION

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1). Petitioner is a non-citizen in ICE custody who has been detained since he was apprehended at or near the border. Petitioner asserts that he is entitled to a bond or custody hearing under 8 U.S.C. § 1226(a). But at the time of his detention at or near the border, he was clearly an arriving alien or seeking admission into the United States under 8 U.S.C. § 1225(b). Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED.**

Petitioner is a citizen of Pakistan.  Doc. 1 at 2.  He asserts that he entered the United States on or about April 27, 2025 near Santa Teresa, New Mexico.  He also asserts he was detained that

same day. *Id.* Respondents assert, however, that he was arrested on May 1, 2025 at or near Santa Teresa, New Mexico.  Doc. 6 at 2; doc. 6-5 at 4.  Respondents assert that they treated him as an arriving alien and placed him in expedited removal proceedings under 8 U.S.C. § 1225(b)(1). Doc. 6 at 3.  An order of expedited removal was entered.  Doc. 6-4 at 1. However, Petitioner was subsequently criminally charged for his illegal entry.  He was convicted and sentenced to 118 days' imprisonment or time served. Doc. 6 at 3. In November 2025, Petitioner was placed in regular removal proceedings. Doc. 6 at 3. Petitioner has not received a bond hearing in his immigration case.

Petitioner asserts that Respondents violated the Immigration and Nationality Act, as he is entitled to a bond hearing under 8 U.S.C. § 1226(a), but has not received one. He also asserts that his due process rights were violated as he has not received an individualized bond hearing.  Doc. 1 at 5.

Respondents assert that Petitioner is mandatorily detained under § 1225(b) and is not entitled to a bond hearing. The Court agrees with Respondents. It is clear that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b). Petitioner was apprehended a few days after unlawfully crossing the border, and he has been detained since his initial arrest. Under the Immigration and Nationality Act ("INA"), two statutes generally govern a noncitizen's detention pending a final order of removal: §§ 1225 and 1226. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1225(b)(1) mandates detention for certain arriving aliens. Section 1225(b)(2)(A), which also mandates detention, applies when "an applicant for admission" is "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." § 1225(b)(2)(A). Generally, "§§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Jennings v. Rodriguez*, 583

2

U.S. 281, 302 (2018). Here, Petitioner's detention clearly falls under § 1225(b), as he was detained soon after crossing the border. He has remained detained, and no party asserts that he was ever paroled or released into the United States. Moreover, Respondents placed him into expedited removal proceedings upon his detention. He is either an arriving alien detained under § 1225(b)(1), or he was seeking admission into the United States under § 1225(b)(2)(A). Therefore, Petitioner is mandatorily detained under § 1225(b) and he is not entitled to a bond hearing.

The Court notes that Petitioner does not expressly challenge his detention as prolonged, or argue how his prolonged detention violates due process or entitles him to release or a bond hearing. Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y. 2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Therefore, the Court declines to *sua sponte* raise this issue on his behalf. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make

3

arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him.").

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED.**

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

4